**13 CR 304**

**JUDGE DOW**

**MAGISTRATE JUDGE COX**

| PROB 22 (Rev. 2/88) | TRANSFER OF JURISDICTION | DOCKET NUMBER (Tran. Court) 6:12CR00052-001 |
|---|---|---|
| | | DOCKET NUMBER (Rec. Court) 13 cr 304 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Raymond J. Favero | DISTRICT Eastern District of Texas | DIVISION Tyler |
| | NAME OF SENTENCING JUDGE U.S. District Judge Leonard Davis | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM December 19, 2012 | TO December 18, 2015 |

| OFFENSE |
|---|
| Acquisition of Wildlife in Interstate Commerce in Violation of State Law |

**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**APR 1 5 2013**
DAVID J. MALAND, CLERK
BY Deputy

### PART 1 - ORDER TRANSFERRING JURISDICTION

United States District Court for the Eastern District of Texas

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

3/25/13
Date

_United States District Judge_

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

United States District Court for the Northern District of Illinois

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

APR 1 1 2013
Effective Date

James F. Holderman
United States District Judge



A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
BY E Duff
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: 4-12-13

**FILED**
4-12-13
APR 1 2 2013
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

**FILED**
4-19-13
APR 1 9 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

13cr304-1

JUDGE DOW
MAGISTRATE JUDGE COX

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | NO. 6:12CR52 |
| § | Judge Davis |
| RAYMOND J. FAVERO § | **FILE UNDER SEAL** |

### INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

#### Count One

Violation: 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2) (Acquisition of Wildlife in Interstate Commerce in Violation of State Law)

On or about February 1, 2007, in the Eastern District of Texas and elsewhere, **Raymond J. Favero**, defendant, did knowingly receive and acquire, in interstate commerce, wildlife valued at more than $350.00 that was possessed and transported in violation of a law and regulation of a State, to wit, approximately one hundred eighty-four (184) straws of whitetail deer semen valued at approximately $92,000.00, that the defendant drew from a whitetail buck named, "Diablo" that the defendant knew had been possessed and transported in violation of 31 Tex. Admin. Code §§ 65.611(f), a violation of 16 U.S.C., §§ 3372(a)(2)(A) and 3373(d)(1)(B) and 18 U.S.C. § 2.

**Information - Page 1**

### Count Two

> Violation: 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2) (Acquisition of Wildlife in Interstate Commerce in Violation of State Law)

On or about, January 28, 2008, in the Eastern District of Texas and elsewhere, **Raymond J. Favero**, defendant, did knowingly receive and acquire, in interstate commerce, wildlife valued at more than $350.00 that was possessed and transported in violation of a law and regulation of a State, to wit, approximately one hundred ten (110) straws of whitetail deer semen valued at approximately $55,000.00, that the defendant drew from a whitetail buck named, "Thunderstruck" that the defendant knew had been possessed and transported in violation of 31 Tex. Admin. Code §§ 65.611(f), a violation of 16 U.S.C., §§ 3372(a)(2)(A) and 3373(d)(1)(B) and 18 U.S.C. § 2.

> JOHN M. BALES
> UNITED STATES ATTORNEY

> /s/ Jim Noble                         6/4/2012
> JIM NOBLE                             Date
> Assistant United States Attorney
> Texas Bar No. 15050100
> 110 N. College, Suite 700
> Tyler, Texas 75702
> (903) 590-1442
> James.Noble@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | NO. 6:12CR52 |
| § | Judge Davis |
| RAYMOND J. FAVERO § | |

## NOTICE OF PENALTY

### Counts One and Two

VIOLATION: 16 U.S.C. § 3372(a)(2)(A)  (Acquisition of Wildlife in Interstate Commerce in Violation of State Law)

PENALTY: A fine of not more than $250,000.00; imprisonment for not more than five (5) years; a term of supervised release of not more than three (3) years.
16 U.S.C. § 3373(d)(1)(B)

SPECIAL ASSESSMENT: $100.00

Information - Page 3

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# United States District Court

13cr304-1

EASTERN DISTRICT OF TEXAS

Tyler

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| RAYMOND J. FAVERO | Case Number: 6:12CR00052-001 |
| | USM Number: 20035-078 |
| | DAVID BOTSFORD |
| | Defendant's Attorney |

JUDGE DOW

MAGISTRATE JUDGE COX

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    2 OF THE INFORMATION

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 16 USC § 3372(a)(2)(A) | Acquisition of Wildlife in Interstate Commerce in Violation of State Law | 01/28/2008 | 2 |

    The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   All Remaining Counts    ☐ is   ☑ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/19/2012
Date of Imposition of Judgment

_(Signature)_
Signature of Judge

Leonard Davis
Chief, U. S. District Judge
Name and Title of Judge

1/3/13
Date

AO 245B   (Rev. 09/08) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page  2  of  6

DEFENDANT:  RAYMOND J. FAVERO
CASE NUMBER:  6:12CR00052-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: -0-

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page **3** of **6**

DEFENDANT: RAYMOND J. FAVERO
CASE NUMBER: 6:12CR00052-001

# PROBATION

The defendant is hereby sentenced to probation for a term of : **3 YEARS**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page  4  of  6

DEFENDANT: RAYMOND J. FAVERO
CASE NUMBER: 6:12CR00052-001

## ADDITIONAL PROBATION TERMS

The defendant shall pay any financial penalty that is imposed by this judgment.

The Court directs that during the term of probation, that no travel restrictions be imposed upon the Defendant for employment-related travel.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: RAYMOND J. FAVERO
CASE NUMBER: 6:12CR00052-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 6,000.00 | $ 24,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TEXAS PARKS AND WILDLIFE FOUNDATION | $24,000.00 | $24,000.00 | 0% |
| **TOTALS** | $ 24,000.00 | $ 24,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☑ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: RAYMOND J. FAVERO
CASE NUMBER: 6:12CR00052-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

  ☐ not later than _____, or
  ☑ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

The $6,000 Fine and the $24,000 Restitution is ordered to be paid within a week of the sentencing hearing.

The Court notes that the fine should be distributed to the U.S. Fish and Wildlife Lacey Act Reward Account.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: the U.S. District Court, Fine & Restitution, 1910 E SE Loop 323 No 287, Tyler, TX 75701

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CM/ECF LIVE - U.S. District Court:txed Page 1 of 5
Case: 1:13-cr-00304 Document #: 2 Filed: 04/19/13 Page 11 of 15 PageID #:121

13cr304-1

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Tyler)
## CRIMINAL DOCKET FOR CASE #: 6:12-cr-00052-LED-JKG-2

Case title: USA v. Favero

Date Filed: 06/05/2012
Date Terminated: 01/03/2013

Assigned to: Judge Leonard Davis
Referred to: Magistrate Judge Judith K. Guthrie

JUDGE DOW
MAGISTRATE JUDGE COX

### Defendant (2)

**Raymond J. Favero**
*TERMINATED: 01/03/2013*

represented by **David L Botsford**
Attorney at Law
1307 West Avenue
Austin, TX 78701
512/479-8030
Fax: 15124798040
Email: dbotsford@aol.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

ACQUISITION OF WILDLIFE IN INTERSTATE COMMERCE IN VIOLATION OF STATE LAW
(2)

### Disposition

Three (3) Years Probation; $6,000 Fine; $24,000 Restitution; $100 Special Assessment

### Highest Offense Level (Opening)

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| ACQUISITION OF WILDLIFE IN INTERSTATE COMMERCE IN VIOLATION OF STATE LAW (1) | Dismissed on Govt's Motion |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **James Mack Noble , IV**<br>US Attorney, Eastern District of Texas<br>Tyler Division<br>110 N College Ave<br>Ste 700<br>Tyler, TX 75702<br>903/590-1400<br>Fax: 9035901439<br>Email: james.noble@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|

| 06/05/2012 | 1 | INFORMATION as to Sealed 1 (2) count(s) 1-2. (mjc, ) (Entered: 06/05/2012) |
|---|---|---|
| 07/11/2012 | | Arrest of Raymond J. Favero (voluntary surrender). (mjc, ) (Entered: 07/12/2012) |
| 07/11/2012 | 2 | WAIVER OF INDICTMENT by Raymond J. Favero. (mjc, ) (Entered: 07/12/2012) |
| 07/11/2012 | 3 | Minute Entry for proceedings held before Magistrate Judge Judith K. Guthrie: Initial Appearance, Arraignment and Plea Agreement Hearing as to Raymond J. Favero held on 7/11/2012. AUSA Jim Noble appeared on behalf of the Government; David L. Botsford appeared on behalf of the Defendant. Plea entered by Raymond J. Favero (2) Guilty Count 2 of the Information. Defendant was released on a personal recognizance bond. The information was unsealed in open court. (Court Reporter/ECRO: L. Hardwick.) (mjc, ) Modified on 7/12/2012 (mjc, ). (Entered: 07/12/2012) |
| 07/11/2012 | 4 | CONSENT to Administration of Guilty Plea and Fed.R.Crim.P.11 Allocution by U.S. Magistrate Judge by Raymond J. Favero. (mjc, ) (Entered: 07/12/2012) |
| 07/11/2012 | 5 | SEALED PLEA AGREEMENT as to Raymond J. Favero. (mjc, ) (Entered: 07/12/2012) |
| 07/11/2012 | 6 | ELEMENTS of the Offense by USA as to Raymond J. Favero. (mjc, ) (Entered: 07/12/2012) |
| 07/11/2012 | 7 | Factual Resume by USA as to Raymond J. Favero. (mjc, ) (Entered: 07/12/2012) |
| 07/11/2012 | 8 | E-GOV SEALED ORDER Setting Conditions of Release as to Raymond J. Favero (2) on a Personal Recognizance Bond. Signed by Magistrate Judge Judith K. Guthrie on 7/11/12. (mjc, ) (Entered: 07/12/2012) |
| 07/11/2012 | 9 | E-GOV SEALED Personal Recognizance Bond Entered as to Raymond J. Favero. (mjc, ) (Entered: 07/12/2012) |

| | | |
|---|---|---|
| 07/11/2012 | 10 | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Raymond J. Favero. Signed by Magistrate Judge Judith K. Guthrie on 7/11/12. (mjc, ) (Entered: 07/12/2012) |
| 08/07/2012 | 11 | ORDER ADOPTING REPORT AND RECOMMENDATIONS as to Raymond J. Favero for 10 Report and Recommendations on Guilty Plea. Court finds Defendant guilty of Count 2 of the Information. Signed by Judge Leonard Davis on 8/7/12. (mjc, ) (Entered: 08/07/2012) |
| 09/24/2012 | 13 | FINAL PRESENTENCE INVESTIGATION REPORT (SEALED) (including addendum) as to Raymond J. Favero (Attachments: # 1 Supplement Cover letter)(ks) (Entered: 09/24/2012) |
| 09/24/2012 | 14 | SEALED PSI - SENTENCING RECOMMENDATION as to Raymond J. Favero (ks) (Entered: 09/24/2012) |
| 10/16/2012 | | NOTICE OF HEARING as to Raymond J. Favero **Sentencing set for 12/5/2012 10:45 AM before Judge Leonard Davis.** (cwk) (Entered: 10/16/2012) |
| 10/16/2012 | 15 | Unopposed MOTION to Continue *Sentencing* by Raymond J. Favero. (Attachments: # 1 Exhibit)(Botsford, David) (Additional attachment(s) added on 10/17/2012: # 2 Corrected Proposed Order) (gsg, ). (Entered: 10/16/2012) |
| 10/24/2012 | 16 | ORDER granting 15 Motion to Continue Sentencing as to Raymond J. Favero (2). Sentencing is continued until 9:30 a.m. 12/19/2012. Signed by Judge Leonard Davis on 10/24/12. (mjc, ) (Entered: 10/24/2012) |
| 10/24/2012 | | Set/Reset Hearings as to Raymond J. Favero: Sentencing set for 12/19/2012 09:30 AM in Ctrm 361 (Tyler) before Judge Leonard Davis. (mjc, ) (Entered: 10/24/2012) |
| 12/01/2012 | 17 | SENTENCING MEMORANDUM by Raymond J. |

| | | |
|---|---|---|
| | | Favero (Botsford, David) (Entered: 12/01/2012) |
| 12/18/2012 | 18 | SEALED PSI - CHARACTER REFERENCE LETTERS as to Raymond J. Favero (lg) (Entered: 12/18/2012) |
| 12/18/2012 | 19 | SEALED PSI - REVISED SENTENCING RECOMMENDATION as to Raymond J. Favero (ks) (Entered: 12/18/2012) |
| 12/19/2012 | 20 | Minute Entry for proceedings held before Judge Leonard Davis:**Sentencing held on 12/19/2012 for Raymond J. Favero (2)**, Count(s) 1, Dismissed on Govt's Motion; Count(s) 2, Three (3) Years Probation; $6,000 Fine; $24,000 Restitution; $100 Special Assessment. (Note: Post-Proceedings, Govt moved to Dismiss Count 1 of the Information). (Court Reporter Shea Sloan) (rlf) (Entered: 12/19/2012) |
| 01/03/2013 | 21 | JUDGMENT as to Raymond J. Favero (2), Count(s) 1, Dismissed on Govt's Motion; Count(s) 2, Three (3) Years Probation; $6,000 Fine; $24,000 Restitution; $100 Special Assessment. Signed by Judge Leonard Davis on 1/3/13. (mjc, ) (Entered: 01/07/2013) |
| 01/03/2013 | 22 | SEALED Statement of Reasons re 21 Judgment. (mjc, ) (Entered: 01/07/2013) |
| 04/15/2013 | 23 | Probation Jurisdiction Transferred to Northern District of Illinois - Eastern Division as to Raymond J. Favero, case no. 13-cr-304. Transmitted Transfer of Jurisdiction form with Docket Sheet, Information and Judgment. (Attachments: # 1 Cover Letter)(mjc, ) (Entered: 04/18/2013) |